UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

In re:

    FRANK DIAGOSTINO
    PATRICIA DIAGOSTINO

MEMORANDUM OF LAW
Chapter 13
Case No. 06-10384

Debtor s

**FILED**

**RECEIVED JUN 28 2006**
OFFICE OF THE BANKRUPTCY
ALBANY, N.Y.

### STATEMENT OF FACTS

The above captioned debtors have filed for Chapter 13 relief on March 17, 2006 in the United States Bankruptcy Court for the Northern District of New York. It is obvious that the case is filed under the BAPCPA because the petition has been filed subsequent to October 17, 2005 and is under the "new law".

The facts of the case should not be in dispute and there should be no need for a hearing; attached to this memorandum of law is a letter agreed between Andrea E. Celli the Chapter 13 Standing Trustee and Jerry C. Leek attorney for the debtors wherein it states that the only objections to the currently filed plan in the above captioned case is that the US Trustee, Andrea Celli, asserts that the $100.00 per month for charitable contribution should not be allowed, and the debtors maintain and believe that the new law does not prohibit them from continuing the commitment to the Catholic Church and school where their children attend. Reference made to the letter signed by Jerry C. Leek attorney for the debtors and Andrea E. Celli dated May 2, 2006. It should be noted that it is agreed that the disposable minimum income for unsecured creditors will be $74,351.25 if the deduction is allowed. On the other hand if it is not allowed, the minimum will be $80,351.25. This is a very small percentage and is $6000.00 over the proposed plan of 60 months. It represents about nine

*Jerry C. Leek, Attorney at Law, 107 S. Canton Road, Potsdam, NY 13676,*
*Telephone:(315) 265-2595; Facsimile:(315) 265-4909*

percent of the plan but a much smaller amount of their income or about one percent of their annual income.

The debtors report they have contributed to the church for over 20 years, for the last 5 years their contribution to Sacred Heart exceeded over $1000.00 per year or about the same amount requested in the plan. Also annexed hereto this memorandum of law are four attachments from Sacred Heart Parish of Massena, New York: two letters dated February 1, 2006, and January 24, 2005 and two printouts from 2002 & 2003. These four attachments present the history of the debtor's commitments to Trinity Catholic Church through their Parish Sacred Heart of Massena, NY. Other than this issue between the debtors and the standing Chapter 13 Trustee, there are no other objections to the court approving the filed plan.

## THE NEW LAW EXPRESSLY PERMITS CHARITABLE CONTRIBUTION TO QUILIFED PAYEES TO BE DEDUCTABLE EXPENSES OUT OF THEIR DISPOSABLE INCOME.

§1325(b) (2) (A) (ii) this section states: "For purposes of this subsection, the term 'disposable income' means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonable necessary to be expended –

*Jerry C. Leek, Attorney at Law, 107 S. Canton Road, Potsdam, NY 13676,
Telephone:(315) 265-2595; Facsimile:(315) 265-4909*

(A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and

(ii) for charitable contributions (that meet the definition of 'charitable contribution' under section 548 (d) (3) to a qualified religious or charitable entity or organization (as defined in section 548 (d) (4)) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and…"

For purposes 11 USCS §1325(b) (2) (A) and 11 USCS §548(d) qualified charitable contributions, whether reasonable necessary or not, may not be treated as unapplied disposable income if contribution amounts to less than fifteen percent of debtor's gross income. In re Kischner, 259 BR 416, 45 CBC 2d 1585 (2001 BC MD FLA) but criticized in In re Stanley 296 BR 402 (BC ED VA 2002). These cases are pre-October 17, 2005.

Tithes as constructive fraud under old law see 42 USCS §2000 bb Religious Freedom Restoration Act see In re Newman, 203 BR 468 CDC Kan 1996 and the 1998 amendments to the bankruptcy code and the Religious Liberty and Charitable Donation Protection Act. Bankruptcy Service, Lawyers Ed, §50:368,369 pp. 50-258-259, and supplement to Volume 5A p. 423-424 numerous cases going both ways for and against the contributions as disposable income. No cases after 10/17/2005 are cited. See In re Cavanaugh 242 BR 707 (BANKR D MONT 2000), aff'd 250 BR 107 (BANKR 9TH Cir. 2000). This case is attached for easy reference as it gives a good analysis of pre October 17, 2005 law.

Confirmation of Chapter 13 plan pursuant to 11USCS §1325 which provides for payment of $140 per month to debtor's church as tithe does not violate establishment clause of First Amendment; denial of confirmation because of tithing would be violation of free

exercise clause of First Amendment. In re Green (1987, BC WD Mich) 73 BR 893, 16 BCD 9, 16 CBC2d 1494, CCH Bankr L Rptr ¶ 71810, affd (1998, WD Mich) 103 BR 852, CCH Bankr L Rptr ¶ 72855A.

Chapter 13 plan will not be confirmed where debtor claims $80 per month contribution to church as reasonably necessary for maintenance or support under 11 USCS § 1325 (b)(2)(A); nominal amount of charitable contribution is permissible, but amount will needs to be below 3 percent of gross income unless very unusual circumstances are present. In re Reynolds (1988, BC WD Mo) 83 BR 684.  This result should not be applied under current law after October 17, 2005.

Chapter 13 debtor's tithe to Mormon Church is reasonably necessary expenditure, for purposes of determining debtor's disposable income under 11 USCS §1325(b), where church tithe is condition precedent to full participation in debtor's religion and proposal to incur expense unquestionably serves bona fide religious and spiritual purpose.  In re Bien (1989, BC DC Conn) 95 BR 281, 18 BCD 1493, CCH Bankr L Rptr ¶ 72679.

Religious Freedom Restoration Act's amendment of 11 USCS § 1325(b)(2)(a) does not preclude Bankruptcy Court from considering whether debtor's contribution is reasonable so long as it does not exceed 15 percent of debtor's gross income; appropriate analysis of reasonableness of debtor's charitable contribution is based on debtor's willingness to pay for it with discretionary funds, not by virtue or its charitable or religious nature;   Chapter 13 debtors' proposed charitable contribution of $280 per month while paying $322-330 per month into plan, with unsecured creditors receiving only approximately $225 over course of entire plan, was reasonable.  In re Buxton (1999, BC WD La) 228 BR 606.

Debtors' tuition expenses for parochial school for their children did not qualify as "charitable contributions." under Religious Liberty and Charitable Donation Protection Act of 1998.  In re Watson (2003, BC DC RI) 299 BR 56, affd (2004, BAP1) 309 BR 652, 52

CBC2d 288, CCH Bankr RPtr ¶ 80105, affd (2005, CA1) 403 F3d 1, CCHH Bankr L Rptr ¶ 80261. This case is incorrect especially under the new law of October 17, 2005. The decision appears based on the prior law. The debtors argue that this statute is clear and unambiguous on its face that there is an unconditional allowance permitted by the United State Congress in the new law to allow this charitable deduction in a Chapter 13 case under these circumstances.

The new law enacted on October 17, 2005 has been generally considered to be pro-creditor, and not giving much new relief to debtors.  There are certain an exceptions when it comes to victims of crime, veterans and to debtors who made contributions to charities.  There are many bankruptcy cases under the old law which indicated that trustees were going after debtors who made contributions to their charities as preferences or fraudulent conveyances and great difficulties were caused when trustees would seek to recover monies in Chapter 7 and 13 cases from the charities or churches that had received these charitable contributions. The general standard in the case law under these circumstances is that the debtors must establish a pattern of continuous contribution.  The holding in these cases should be continued under the new law as the enactment quoted above make it clear that debtors who make charitable contributions in the regular course of time and on a regular commitment should be given a reasonable deduction in the calculation of disposable income. In re Cavanaugh, 200 Bankr. LEXIS 842, 250 B.R. 107 (App. Panel June 13, 2000 9th Circuit). (Case attached to memorandum)

Section 548(a) (2) states as follows "(2) A transfer of a charitable contribution to a qualified religious or charitable entity or organization shall not be considered to be a transfer covered under paragraph (1) (B) in any case in which. –

(A) the amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made; or

(B) the contribution made by a debtor exceeded the percentage amount of gross annual income specified in subparagraph (A), if the transfer was consistent with the practices of the debtor in making charitable contributions." 11U.S.C. §548 (a)(2)

The above cited sections make it abundantly clear the new law allows charitable contributions regularly made by the debtors to be counted as a deduction in the calculation against disposable income in §1325. Section 707, however, does have an indication that in making a determination in whether to dismiss a case under §707, the court may not take into consideration whether the debtor has made or continues to make charitable contribution in accordance with § 548(D) (3). Reference is made to §707(b) (1) of Title 11.

The Honorable William Houston Brown, United States Bankruptcy Judge, Western District of Tennessee, has stated in his publication of the new law written for Thomas West entitled 2005 Bankruptcy Reform Legislation with Analysis, and on page 35 he states: "Assuming that the debtor has regularly made and continues to make charitable deductions of approximately 10 percent of his net salary, §707(b) (1) says that it can not be considered in an abuse dismissal; therefore, the contributions must be deductible, just as they would be in a Chapter 13. That alone would take the debtor's net to $124.11, which would permit this debtor to "pass" the means test. ($124.11x 60 =$7446.60 which is less than the lesser off 25% of the unsecured debt or $10,000.00)" Pages 34 & 35 of his newest book published by Thomson West are annexed hereto for easy reference of the court and it is underlined for emphasis.

*Jerry C. Leek, Attorney at Law, 107 S. Canton Road, Potsdam, NY 13676,
Telephone:(315) 265-2595; Facsimile:(315) 265-4909*

## II DEBTORS COUNSEL HAS SEARCHED FOR THE REGULATIONS OF THE INTERNAL REVENUE SERVICES INDICATING THAT CHARITABLE CONTRIBUTION MUST BE ALLOWED AS A DEDUCTION IN THE CALCULATION OF DISPOSABLE INCOME

Counsel for the debtors admit they are having a great deal of trouble searching the net and contacting the Internal Revenue Service to get a hold of regulations which would prohibit charitable deductions sought to be calculated in the plan here.  In any event if there is in any regulations of any administrative body wheather by the IRS or anyone else that would be contrary to the statute, it would seem to be improper and illegal. If there is an enabling statue as is before the court now and there are any administrative regulations by the Internal Revenue Service, by the US Trustee's office, or any other administrative body can not take away the right given to debtors who make charitable contributions if such right exists by statute.

<u>Calculating Disposable Income Under Section 1325 (b) (2) (A)</u>

The Court must decide whether there is a "reasonably necessary" requirement of 11 U.S.C. 1325 (b) (A) and the charitable and religious donations allowed under 11 U.S. C. section 1325 (b) (2).  It is repeated there is sharply divided case law on the issue prior to BAPCPA.  The best treatise discussing the issue before the court is found in <u>Collier on Bankruptcy</u>, 15th, Ed. Volume 8, p. 1325-56 under title of "Charitable and Religious Donations." See ¶ 1325 08(4) (b) of Volume 8.  The editor's conclusion is that the "new law" enacted October 17, 2005 is more favorable to debtors making contributions.  It is interesting to note the provision does not exist in Chapter 12, probably an oversight. <u>Collier</u>, P. 1325 of Volume 8. "Reasonably necessary" has been defined by October 17, 2005 statute and the

Courts must now allow this deduction in Chapter 13 filings. See also <u>Collier</u> Vol. 8 page 1325-89 ¶ 1325. LH [5]. <u>Collier</u> does not list any cases after October 17, 2005.

The Religious Liberty and Charitable Donations Protection Act of 1998 is set out conveniently in <u>Collier Volume</u> F appendix. It became effective June 19, 1998. The purpose of this legislation was to stop trustees from avoiding "fraudulent conveyances" to charitable organizations and churches maintaining they are fraudulent conveyances and thereby wrecking the budgets of not-for-profits and churches, See App. Pt. pp.41-253 to 257. This statute is additional authority for allowing the debtor's relatively minor contributions to their church in the case at hand.

Lexis only reports one case decided after October 17, 2005. It is <u>In re Tony and Martha Petty,</u> 338 B.R. 805, 2006 Bankr Lexis 306, Bank L. Rep (CCH) P. 80, 463. The analysis in the case is very instructive. The Bankruptcy Judge concludes the Court does not have to apply a "reasonably necessary' qualification if the debtor's charitable contribution did not exceed 15 percent of a debtor's gross income. The case is attached to the memorandum. The case basically allows a 9.8% charitable contribution of tithe to the Assembly of God church out of the debtor's gross income. The case before the court only involves about 1% of the debtor's gross income. There is an established patter of giving established two years before bankruptcy. A search of West law also reveals no other case than <u>Petty, supra</u>. or 4:05 BK 26362. Debtors rely on this case.

## **CONCLUSION**

Based upon the above cited facts, and legal authority, the debtors argue that the new law clearly permits a charitable deduction to be considered in the calculation of disposable income under §1325 in the case of a chapter 13 filing subsequent to October 17, 2005. The BAPCPA simply made ever clearer what should have the law after June 19, 1998. The religious and charitable contributions are deductible in Chapter 13 plans as a legitimate expense. Now

congress has made clear it's mandates on the contributions and the statutory requirements must be carried out in the case before the court now.

Dated: June 26, 2006

                                            Jerry C. Leek, Esq.
                                            107 South Canton Road
                                            Potsdam, New York 13676
                                            (315) 265-2595
                                            Federal Bar No. 505691

To:

Andrea E. Celli, Esq.
Standing Chapter 13 Trustee
350 Northern Blvd
Albany, NY 12204

Frank & Patricia Diagostino
12 Linden Street
Massena, NY 131662

*Jerry C. Leek, Attorney at Law, 107 S. Canton Road, Potsdam, NY 13676,*
*Telephone:(315) 265-2595; Facsimile:(315) 265-4909*